Joseph E. Sarachek, (NY Bar No. 2163228)
Zachary E. Mazur, (NY Bar No. 5706726)
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
joe@saracheklawfirm.com  (646) 517-5420
zachary@saracheklawfirm.com  (646) 519-4396
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTINENTAL PLANTS GROUP, LLC.<br><br>Plaintiff,<br><br>v.<br><br>ALPHA INTERNATIONAL, INC.,<br>J. LLOYD INTERNATIONAL, INC.,<br>J. K. MANUFACTURING CO., and<br>J. K. PROPERTIES, LC.<br><br>Defendants. | CASE NO.  21-cv-8677<br><br>**COMPLAINT FOR<br>BREACH OF CONTRACT** |

Plaintiff Continental Plants Group, LLC ("CPG" or "Plaintiff"), by and through

undersigned counsel, files this complaint against Defendants Alpha International, Inc. ("AII"),

J. Lloyd International, Inc. ("JLII"), J.K. Manufacturing Co. ("JKMC"), and J. K. Properties,

LC ("JKP", collectively "Defendants", and together with Plaintiff, the "Parties") alleging as

follows:

## I. NATURE OF THE ACTION

1.   This is a complaint for breach of contract, under the terms of a written letter

agreement wherein Defendants agreed to compensate Plaintiff for performance of services

rendered.

1

2.   Specifically, on June 28, 2018, the Parties entered into a contract "[confirming] the compensation arrangements by and between [Plaintiff] and [Defendants] in connection with the investment banking and financial advisory services rendered to date by [Plaintiff] on behalf of [Defendants]."  (the "Agreement" at 1, a copy of which is included herein as **Exhibit A**).

3.   Yet, despite having agreed to pay Plaintiff the amount of $1,125,000, and despite all of the conditions for payment of the fee having been met, Defendants have paid only $40,000 to date, warranting the instant complaint.

## II. THE PARTIES

4.   Plaintiff CPG is a New York limited liability company with its principal place of business at 579 Bryan Road, Stowe, Vermont 05672.

5.   Upon information and belief, Defendant AII is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.

6.   Upon information and belief, Defendant JLII is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.

7.   Upon information and belief, Defendant JKMC is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa..

8.   Upon information and belief, Defendant JKP is an Iowa limited company with its principal place of business in Cedar Rapids, Iowa..

## III. JURISDICTION AND VENUE

9.   This Court has original subject matter jurisdiction under 18 U.S.C. § 1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiff is a New York limited liability company headquartered in Vermont, with all of its members being citizens of New York or Vermont. Defendants are all Iowa companies headquartered in the State of Iowa.  On information and

belief, none of JKP's members are citizens of New York or Vermont.   Pursuant to 28 U.S.C. § 1332(a)(2), there exists complete diversity of citizenship of the parties. There are no other parties to the case whose citizenship is at issue under 28 U.S.C. § 1332.

10. This Court has personal jurisdiction over Defendants and venue is proper in this Court, because Defendants have expressly agreed in writing to the "exclusive jurisdiction and venue of the federal and/or state courts located in New York, New York." (Agreement at 2).

11. Venue is also proper in this Court because the services provided under the Agreement were conducted, in part, in this district.

## IV. FACTS COMMON TO ALL CLAIMS

12. Plaintiff is primarily in the business of providing consulting, investment banking and financial advisory services to individual and corporate clients, often clients undergoing financial and operational stress.

13. Defendants comprise a group of companies operating in the children's toy business (AII, JLII and JKMC) and in the real estate business (JKP).

14. In the beginning of 2018, Mr. Jody Keener, who controls the Defendant companies, required urgent financing of his businesses to resolve an ongoing liquidity crisis.

15. Plaintiff introduced Mr. Keener to lenders and provided advisory services to structure and obtain a term loan agreement, (the "Loan"), which provided the necessary infusion of capital to allow Defendants to maintain solvency and liquidity.

16. In exchange for those services, Defendants executed the Agreement, wherein they "agree[d] to pay CPG a fee in the amount of $1,125,000, which has been duly earned as of the date hereof and shall be payable in cash…" (Agreement at 1).

17. Following the execution of the Agreement, Defendants paid $40,000 to Plaintiff.

18. Despite all of the conditions having been met for payment of the remaining $1,085,000, and despite Plaintiff having fully performed on the Agreement, Defendants have failed to pay Plaintiff the remaining compensation.

19. Plaintiff has reached out to Mr. Keener, as well as to the Lender under the term loan agreement, to work out the "amounts and installments to be mutually agreed upon by each of CPG, [AII] and Lender," (Agreement at 2, ¶ 2(b)) to no avail.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against All Defendants)**

20. Plaintiffs incorporate herein all the preceding allegations as though fully set forth herein.

21. On June 28, 2018 the Parties entered into the Agreement.

22. Through the Agreement, the Parties intended to create, and did create, a binding written contract, and each knew or should have known that its behavior would be interpreted by the other party as a binding agreement.

23. While Plaintiff has performed all of its obligations under the Agreement, and all of the other conditions under the Agreement have been satisfied, Defendants have failed to tender payment to Plaintiff in the amount of $1,085,000.

24. Because of Defendants' continuous and ongoing failure to perform their obligations under the Agreement, Plaintiff has been damaged in an amount to be proven at trial but not less than $1,085,000.

//

//

//

## PRAYER

WHEREFORE, Plaintiff prays for judgment against all Defendants, jointly and severally, for an award of damages in an amount to be proven at trial but not less than $1,085,000;

25. For an award of all costs incurred by Plaintiff herein;

26. For any and all prejudgment interest; and

27. For such other and further relief as the Court may deem just, equitable or proper.

DATED this 22nd day of October 2021

Respectfully submitted,

/s/ Joseph E. Sarachek
Joseph E. Sarachek, Esq.

/s/ Zachary E. Mazur
Zachary E. Mazur, Esq.
*Attorneys for Plaintiffs*