UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTINENTAL PLANTS GROUP, LLC. <br><br> Plaintiff, <br><br> v. <br><br> ALPHA INTERNATIONAL, INC., <br> J. LLOYD INTERNATIONAL, INC., <br> J. K. MANUFACTURING CO., and <br> J. K. PROPERTIES, LC. <br><br> Defendants. | CASE NO.  21-cv-8677 <br><br> **PLAINTIFF'S COUNTERSTATEMENT AND ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS** |

In accordance with Local Civil Rule 56.1, United States District Court for the Southern District of New York, Plaintiff Continental Plants Group, LLC ("CPG" or "Plaintiff"), by and through undersigned counsel, respectfully submits the following response, counterstatement and additional undisputed facts in relation to Defendants Alpha International, Inc. ("AII"), J. Lloyd International, Inc. ("JLII"), J.K. Manufacturing Co. ("JKMC"), and J. K. Properties, LC.'s ("JKP", collectively "Defendants", and together with Plaintiff, the "Parties") Statement of Undisputed Material Facts, (Doc. #32) in connection with Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

### PLAINTIFF'S COUNTERSTATEMENT TO DEFENDANTS' ASSERTED FACTS

1. Jody Keener, an individual residing in Cedar Rapids, Iowa was a Chapter 7 Debtor in the Bankruptcy Court for the Northern District of Iowa, Case No. 14-01169 (hereafter, Bankruptcy Case), during the time period April 10, 2018 through and including February14, 2019 (the time period covering April 10, 2018 through and including February 14, 2019, shall hereafter be referred to as the "Relevant Time Period"). Appendix A, Bankruptcy Court Docket for the Northern District of Iowa.

**RESPONSE: Undisputed.**

2. For the Relevant Time Period, Jody Keener was the sole owner of the named Defendants: Alpha International, Inc., J. Lloyd International Corp., JK Manufacturing Co., and J.K.

1

Properties, LC (the aforementioned entities, collectively, Defendants). Appendix B, Affidavit of Jody Keener.

**RESPONSE: Undisputed.**

3. A duly appointed Chapter 7 trustee, Renee Hanrahan, was appointed as the Chapter 7 trustee in Jody for the Bankruptcy Case. Appendix A, Bankruptcy Court Docket for the Northern District of Iowa.

**RESPONSE: Undisputed.**

4. While subject to the Chapter 7 bankruptcy Trustee's dominion and control, Motion was made, and an Order was entered in the Bankruptcy Case concerning Jody Keener's ability to bind the non-debtor Defendants. Appendix C, Docket ##1152,1180.

**RESPONSE: Undisputed.[1]  However, Defendants cite to the wrong docket entry in the Keener Bankruptcy (Doc. #1180).  Plaintiff presumes that Defendants mean to cite to the Bankruptcy Court's Interim Order on Motion to: Obtain Credit and Grant Related Relief (the "Interim Order, Keener Bankruptcy Doc. #1181, a copy of which was filed as Ex. E to the Mazur Declaration (Doc. #28-5 in the instant matter).**

5. This Order expressly recognized that Debtor's assets included the ownership of the named Defendants, referenced in the Order as "Companies". Appendix C, Docket #1180.

**RESPONSE: Undisputed, but Plaintiff presumes that "the Order" should properly cite to the Interim Order (Keener Bankruptcy, Doc. #1181) (see response to fact 4 above).**

6. Pursuant to Court Order, Jody Keener, as Debtor, was authorized to (and only to):

Debtor is authorized and empowered as an officer or manager of each of the Companies, to execute and deliver each of the **Loan Documents**. Each of the Companies is authorized to borrow USD$ 3,000,000 from Sabal Palm and to grant Sabal Palm first priority liens and security interest in all of each Companies' assets and properties.

Debtor is reappointed as the sole officer, manager and member of Properties and Debtor is authorized and empowered to execute and deliver the **Loan Documents** and to grant the liens and security interest in favor of Sabal Palm on behalf of Properties.

(**bold** for emphasis). Appendix C, Docket #1180.

**RESPONSE: Undisputed, but "the Order" should properly cite to the Interim Order (Keener Bankruptcy, Doc. #1181) (see response to facts 4 and 5 above).**

---

[1] Defendants' assertion is imprecise, at best.  Who was subject to the Trustee's "dominion and control"?  Plaintiff does not dispute that the Trustee was charged with the administration of the estate of debtor Jody Keener.  Plaintiff does not dispute that Keener's counsel Robert Gainer moved the Bankruptcy Court with respect to Keener's authority to bind the Defendants, who were non-debtors.

7. Debtor had no further authority to bind the Defendants beyond the **Loan Documents.** Appendix C, Docket #1180.

**RESPONSE: This is Defendants' legal conclusion and not a statement of fact.**

8. At issue is a contract, Exhibit A to the amended complaint. Appendix D, Exhibit A to amended complaint.

**RESPONSE: Undisputed.[2]**

9. Exhibit A was neither presented, nor authorized, by the bankruptcy court or the Bankruptcy Case Trustee for then-Debtor Jody Keener to enter into on behalf of the then-controlled assets of the Trustee. Appendix C, Docket ##1152,1180

**RESPONSE: Undisputed that a copy of Exhibit A was never filed with the Bankruptcy Court. However, the statement is misleading because none of the Loan Documents were filed on the docket of the Keener Bankruptcy (nor does it seem that they were sent to the Trustee). The Agreement that is central to the instant dispute (referred to as "Exhibit A" *supra*), was one of the 24 "Loan Documents" that were broadly "presented to" the Bankruptcy Court through the Borrowing Motion (Keener Bankruptcy Doc. #1181, a copy of the Borrowing Motion was filed as Ex. D to the Mazur Declaration, Doc. #28-5 in the instant matter). The Borrowing Motion was prepared and filed by counsel to the Defendants, Robert Gainer. The Borrowing Motion synthesized the key terms of the proposed loan in only a few paragraphs. Through the Interim Order, the Bankruptcy Court subsequently authorized Keener to sign the Loan Documents (including the Agreement with Plaintiff) on behalf of the Defendants.**

10. The Bankruptcy Trustee did not enter into any contract with Plaintiff concerning Defendants. Appendix G, May 29, 2018 email of Jeff Taylor, counsel for Bankruptcy Trustee; Appendix B, Affidavit of Jody Keener.

**RESPONSE: Undisputed.**

11. Exhibit A expressly distinguishes itself, apart from the **Loan Documents** authorized to be entered into, by the very language to describe the contract. Appendix D, Exhibit A to amended complaint.

**RESPONSE: This is Defendants' legal conclusion and not a statement of fact. The conclusion is easily shown to be false through a plain reading of Exhibit A, as will be discussed in Plaintiff's Opposition. In fact, Defendants' counsel used a similarly circular definition of "Loan Documents" in his Borrowing Motion. SOF ¶ 20.[3]**

---

[2] Defendants' Brief in Support of the Motion (Doc. #31) refers to Exhibit A as the "Term Sheet." Plaintiff has consistently referred to this central document as the Agreement.

[3]

3

12.     Specifically, <u>Exhibit A</u> differentiates itself from the **Loan Documents** in the opening paragraph, and numbered paragraph "1".  <u>Appendix D</u>, Exhibit A to amended complaint.

**RESPONSE:  This is Defendants' legal conclusion and not a statement of fact.  The conclusion is easily shown to be false through a plain reading of Exhibit A, as will be discussed in Plaintiff's Opposition.**

13.     The parties never intended for this agreement to take effect, as provided by the admissions of CPG representative Reid Krakower, in the failure to incorporate same into a **Loan Documents** as required by the Bankruptcy Court for the Northern District of Iowa.  <u>Appendix E</u>, Deposition Transcript of Reid Krakower; <u>Appendix F</u>, May 15, 2018email of Reid Krakower.

**RESPONSE:  Disputed.   The executed Agreement itself, together with copious external evidence, makes it clear that the parties <u>did</u> intend for the Agreement to "take effect."  See Pl's SOF ¶¶ 26-28, 35-42, 46-47.   Defendants fail to identify any "admissions of CPG representative Reid Krakower," except to cite broadly to the 113-page transcript of the Krakower Deposition (which contains no such admissions), as well as an email that has no relevance to the assertion.**

**    Plaintiff struggles to understand the subordinate clause: "in the failure to incorporate same into a Loan Documents as required by the Bankruptcy Court for the Northern District of Iowa."   The Agreement is expressly "incorporated" into the Loan Documents according to its own language.  It was "incorporated" into the Loan Documents when it was executed by Keener, on the advice of Defendants' corporate counsel Kevin Collins, together with the 23 other Loan Documents, and then delivered by courier to counsel to lender Sabal Palm.  The Bankruptcy Court issued no explicit "requirement," nor did it ever examine the issue of whether or not the Agreement (Exhibit A) was one of the Loan Documents.**

14.     Defendants did not prevent the incorporation of <u>Exhibit A</u> from incorporation within the **Loan Documents**.  <u>Appendix B</u>, Affidavit of Jody Keener.

**RESPONSE:  Undisputed.  In fact, Defendants and their counsel Kevin Collins did "incorporate" Exhibit A (the Agreement) into a single package that he called the "Loan Documents."  SOF ¶¶ 26-28, 38.**


## PLAINTIFF'S ADDITIONAL STATEMENT OF UNDISPUTED FACTS[4]

15.      At the time of the signing of the Loan Documents, Reid Krakower was unaware that Defendants and lender Sabal Palm would require approval from the Bankruptcy Court to be able to enter into the loan.   Krakower Deposition at 61:15-21, 62-63. (filed

---

[4] This Additional Statement of Undisputed Facts supplements Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1, (Doc. #27) filed together with Plaintiff's Motion for Summary Judgment, which is incorporated herein by reference.

contemporaneously herewith as Exhibit T to the Supp. Declaration or Zachary E. Mazur (the "Supp. Mazur Decl.")).

16. The Term Loan Agreement, the main document describing the loan from Sabal Palm to Defendants, defines the term "Loan Documents" to be, "collectively, (i) this Agreement, (ii) the Term Note, (iii) the Security Documents, (iv) each Guarantee with respect to the Obligations and (v) all agreements, documents and/or instruments at any time executed in connection with or related to any of the foregoing, in each instance, as amended."  Supp. Mazur Decl., Ex. U. (the "Loan Agreement").

17. Keener understood the Agreement to be one of the "Loan Documents."  Keener Deposition at 56:7-14.  Supp. Mazur Decl., Ex. V.

18. Keener believes that he had authority to sign the Agreement.  *Id.* at 57-58.

Dated: Scarsdale, New York
April 29, 2022

Respectfully submitted,

/s/ Zachary Mazur
Joseph E. Sarachek, (NY Bar No. 2163228)
Zachary E. Mazur, (NY Bar No. 5706726)
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
joe@saracheklawfirm.com  (646) 517-5420
zachary@saracheklawfirm.com  (646) 519-4396
*Attorneys for Plaintiff*